UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :

V.                              :       No. 3:12-CR-154(RNC)

ORLANDO NEALY                   :

## RULING AND ORDER

The defendant has moved for revocation of the detention order issued by Judge Martinez. He argues that he is not subject to consideration for pretrial detention because his alleged offense, possession of ammunition by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1), does not constitute a "crime of violence" as that term is defined in the Bail Reform Act of 1984 ("the Act"). He further argues that even if he is eligible for detention, he should be released because there are conditions that can be imposed to ensure he poses no danger to the community. The government responds that the offense with which the defendant is charged constitutes a "crime of violence" under the Act both categorically and in light of the particular facts of this case. The government further argues that detaining the defendant is proper under the Act because his release would endanger the community, as Judge Martinez has found, and also because he presents a flight risk, a distinct ground for detention that Judge Martinez has not

addressed. After de novo review, I conclude that the defendant is eligible for detention because his alleged offense is a "crime of violence" under the Act. I also find that no conditions would adequately ensure the safety of the community if he were released. I therefore deny his revocation motion without considering whether he is also a flight risk.

The principal issue raised by the defendant's motion is whether possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) qualifies as a "crime of violence" under the Act making the defendant eligible for detention. The Act defines the term "crime of violence" in relevant part as follows:

> [T]he term "crime of violence" means . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 3156(a)(4)(B). Judge Martinez determined that the defendant's alleged offense is covered by this definition in light of the Second Circuit's analysis in *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000), where the Court, following a categorical approach, held that the offense of being a felon in possession of a firearm in

violation of § 922(g)(1) falls within the Act's definition of a "crime of violence." In concluding that the Act's definition of a "crime of violence," as interpreted in *Dillard,* also covers felon-in-possession cases involving ammunition, Judge Martinez agreed with the only other published decision on this issue in the Second Circuit, *United States v. Carswell*, 144 F. Supp. 2d 123, 133 (N.D.N.Y. 2001), which also followed *Dillard*'s categorical approach in concluding that previously convicted felons charged with illegal possession of ammunition are eligible for detention. I am persuaded that the result reached by Judge Martinez and the *Carswell* court is more consistent with *Dillard* than the position advocated by the defendant.

The Act's definition of a "crime of violence" contains five elements: the offense must be a felony; the offense must involve "a risk that physical force may be used against the person or property of another"; the risk must result from the nature of the offense; the risk must be that physical force will occur "in the course" of the offense; and the risk must be "substantial." In *Dillard*, the Court readily concluded that the first four elements apply to a previously convicted felon's illegal possession of a gun.

3

214 F.3d at 93-94. As the Court observed, "possession of a gun by its nature gives rise to a risk of its use in violence; if that violent use occurs, it will occur in the course of the possession; [and] if the possession is a criminal offense, the violent use will occur in the course of the criminal offense of possession." *Id.* at 94. With regard to the fifth element, requiring that the risk of violence be "substantial," the Court acknowledged that the answer was not as clear. The Court considered it undeniable, however, that many convicted felons possess guns illegally in order to be able to use them in future acts and threats of violence. The Court concluded, therefore, that the risk of violence posed by a convicted felon's illegal possession of firearms is "substantial" within the meaning of the Act. *Id.* The Court was careful to explain that "finding the element of 'substantial risk' to be satisfied by the felon-in-possession offense does not result in categorical assumptions that will lead to unwarranted detention. It merely raises a warning sign, requiring the court to look with particularity at the individual facts to determine whether detention is warranted." *Id.* at 96.

The first four elements of the Act's definition of a

"crime of violence," as interpreted by the Court of Appeals in *Dillard,* are also satisfied by the offense of unlawful possession of ammunition by a previously convicted felon for essentially the same reasons the Court found them satisfied by the felon-in-possession offense charged in *Dillard*. The defendant does not seriously dispute that the first four elements are satisfied. His focus is on the fifth element. He argues that the risk of violence posed by a felon's illegal possession of ammunition alone cannot be considered "substantial."

Applying the analysis used in *Dillard*, whether the risk of violence posed by a felon's illegal possession of ammunition is sufficiently serious to satisfy the fifth element of the Act's definition of a "crime of violence" depends on whether convicted felons who illegally possess ammunition do so in order to be able to use it in future acts or threats of violence. It cannot be doubted that many felons possess ammunition for this purpose, and those who do pose essentially the same risk of violence recognized in *Dillard*. In keeping with the analysis in *Dillard*, therefore, the offense of illegal possession of ammunition by a convicted felon falls within the Act's definition of a

5

"crime of violence."

The government argues that the defendant's alleged offense also qualifies as a "crime of violence" under the Act using the case-by-case approach to the issue exemplified by *United States v. Le*, No. 03-10051-01-WEB, 2003 WL 21659657 (D. Kan. Apr. 10, 2003), where the court ruled that the facts surrounding the defendant's illegal possession of ammunition involved a "crime of violence."  Whether the Second Circuit would approve of the case by case approach used in *Le* is unclear.  I do agree with the government, however, that the evidence against the defendant supports the conclusion that his alleged offense constitutes a "crime of violence" under the Act.  *See* Gov't's Mem. at 9 (ECF No. 68).  The evidence shows that the defendant possessed the ammunition for use with firearms possessed by him and his associates in circumstances creating a substantial risk of violence.

The defendant argues that even if he is eligible for detention because his alleged offense is a "crime of violence" under the Act, he should be released.  Having reviewed the matter de novo, I do not agree with the defendant on this point.  I conclude that the government has

met its burden of showing by clear and convincing evidence that the defendant's release would pose a danger to the community for substantially the reasons stated by Judge Martinez.

Accordingly, the defendant's motion is hereby denied.

So ordered this 30th day of November 2012.

>                    /s/ RNC
>            Robert N. Chatigny
>         United States District Judge